UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<small>OD</small> P<small>ATROS</small> R<small>OMAYA</small>,

    Petitioner,

v.

T<small>OM</small> W<small>INN</small>,

    Respondent.
_____/

Case No. 16-cv-14118

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
M<small>ONA</small> K. M<small>AJZOUB</small>

**O<small>RDER</small> G<small>RANTING</small> P<small>ETITIONER</small>'<small>S</small> R<small>EQUEST FOR A</small> S<small>TAY</small> [8],
D<small>ENYING AS MOOT</small> P<small>ETITIONER</small>'<small>S</small> M<small>OTION FOR</small> A<small>PPOINTMENT OF</small> C<small>OUNSEL</small> [7],
<small>AND</small> C<small>LOSING THIS</small> C<small>ASE FOR</small> A<small>DMINISTRATIVE</small> P<small>URPOSES</small>**

**I.   I<small>NTRODUCTION</small>**

This is a habeas corpus case under 28 U.S.C. § 2254. Michigan prisoner Rod Patros Romaya ("Petitioner") challenges his Macomb County convictions for two counts of first-degree criminal sexual conduct (CSC), *see* M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 750.520b, and three counts of second-degree CSC, *see* M<small>ICH</small>. C<small>OMP</small>. L<small>AWS</small> § 750.520c. Petitioner was sentenced to concurrent prison terms of 262 to 444 months for each first-degree CSC conviction and 120 to 270 months in prison for each second-degree CSC conviction.

In his *pro se* habeas corpus petition, Petitioner asserts as grounds for relief that (1) he was denied his right to represent himself at trial, (2) he was denied his

right to counsel when the trial court denied his request for substitute counsel, (3) he was denied a fair trial by the admission of evidence that he went to another country before being charged, (4) his constitutional rights were violated by judicial fact-finding that increased his sentence, (5) his right to a fair trial was violated because he was forced to wear leg irons during trial, (6) he was denied effective assistance of counsel and the right to testify by counsel's fraud on the court and extortion, and (7) he was denied effective assistance of counsel by counsel's inadequate investigations and pretrial preparations, failure to present a substantive defense, and inadequate cross-examination. Dkt. No. 1, pp. 6–11C (Pg. ID 6-15). This matter is presently before the Court on Petitioner's motion for appointment of counsel [7] and request for a stay of these proceedings [8].

## II. BACKGROUND

Petitioner's convictions arose from allegations that he sexually abused his underage daughter. He was tried before a jury in Macomb County Circuit Court and convicted as charged. Petitioner appealed as of right, but the Michigan Court of Appeals affirmed his convictions and sentence in an unpublished decision. *See People v. Romaya*, No. 319388, 2015 WL 1739970 (Mich. Ct. App. Apr. 16, 2015). On October 28, 2015, the Michigan Supreme Court reversed the Michigan Court of Appeals in part and remanded the case to the Macomb County Circuit

Court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v. Lockridge*, 498 Mich. 358 (2015)." *People v. Romaya*, 498 Mich. 903; 870 N.W.2d 572 (2015). The state supreme court denied leave to appeal in all other respects, *see id*., and it appears that, on remand, the trial court declined to re-sentence Petitioner.

On November 18, 2016, Petitioner filed his habeas corpus petition. On January 25, 2017, Petitioner moved for appointment of counsel, Dkt. No. 7, and also asked the Court to hold his habeas petition in abeyance until the conclusion of proceedings on his motion for relief from judgment in state court, Dkt. No. 8.

### III. DISCUSSION

Petitioner has not provided the Court with any information about his pending or anticipated motion for relief from judgment, but the Court assumes that he intends to pursue state remedies for claims that he has not already raised in state court. The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is

part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Consequently, to be properly exhausted, each claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

A dismissal of this case while Petitioner attempts to exhaust state remedies could preclude future consideration of Petitioner's claims due to the expiration of the one-year statute of limitations for filing a habeas petition. *See* 28 U.S.C. § 2244(d). In similar circumstances, some courts have adopted a "stay-and-abeyance" approach. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Under this approach a court stays the federal proceedings and holds the habeas petition in abeyance while the inmate pursues state remedies for his unexhausted claims. *Id*. After the state court completes its review of the inmate's claims, the federal court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76.

Federal district courts ordinarily have authority to issue stays, *id*. at 276, and it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a petition for failure to exhaust state remedies when the petitioner has good cause for his failure to exhaust state remedies, his unexhausted claims are potentially meritorious, and there is no indication that he is engaged in intentionally dilatory litigation tactics. *Id*. at 278. The petitioner's interest in

obtaining federal review of his claims in those circumstances "outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*.

Here, Petitioner has not alleged "good cause" for his failure to exhaust state remedies before filing his habeas petition and the Court is unable to say whether any unexhausted claims are potentially meritorious, because Petitioner has not enumerated the claims that he seeks to raise on post-conviction relief in state court. On the other hand, Petitioner does not appear to be engaged in intentionally dilatory litigation tactics, and he apparently has an available remedy to exhaust: a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules. Furthermore, the one-year statute of limitations likely will expire if the Court denies Petitioner's request for a stay and dismisses his case without prejudice so that Petitioner can pursue state remedies.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's request for a stay and to have his habeas petition held in abeyance [Dkt. No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner shall file a motion for relief from judgment, if he has not already done so, within **sixty (60) days** of the date of this order. If he is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the

same case number that appears on this order. An amended petition and motion to re-open this case must be filed within **sixty (60) days** of exhausting state remedies for any new or unexhausted claims. Failure to comply with the conditions of this stay could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes. This administrative closing shall not be construed as a dismissal or an adjudication of Petitioner's exhausted claims.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel [Dkt. No. 7] is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: February 6, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge